478 F.2d 224
 Charles HULL, Petitioner-Appellant,
v.
HOLIDAY INNS OF AMERICA, INC., a Tennessee corporation,
Defendant-Third-Party Plaintiff-Appellee, Cross-Appellant.
v.
James H. COMINS et al., Third-Party Defendants-Appellees
Cross-Appellees.
 Nos. 72-1549, 72-1550.
 United States Court of Appeals,
Sixth Circuit.
 April 26, 1973.
 
 Ralph H. Adams, Detroit, Mich., on brief for appellants.
 Plunkett, Cooney, Rutt & Peacock, Detroit, Mich., for Holiday Inns of America, Inc.
 Floyd Westcott, Alexander, Buchanan & Conklin, Detroit, Mich., for Comins.
 Manuel Zechman, Detroit, Mich., for Hazen Hay.
 David M. Tyler, Detroit, Mich., for Bryan Steam.
 Thomas M. O'Leary, Detroit, Mich., for appellees; Plunkett, Cooney, Rutt & Peacock, by Jeannette A. Paskin, Detroit, Mich., on brief.
 Before EDWARDS and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal by Charles Hull, plaintiff-appellant, from a judgment of no cause of action by the United States District Court for the Eastern District of Michigan, Southern Division. The plaintiff brought an action against Holiday Inns of America, as defendant, to recover damages for injuries alleged to have been sustained by excessively hot water in the bath tub of a Holiday Inn in Detroit, Michigan. Holiday brought in other parties as third party defendants but this opinion will involve only the plaintiff and defendant as briefed by the parties.
 
 
 2
 The plaintiff had been a guest of the Inn in question for thirty-five days and on the morning of September 11, 1967 he undertook to take a bath in the bath tub. He turned on the hot water, only, and in attempting to test the temperature of the water while sitting on the edge of the tub, he slipped in the tub and sustained the injuries of which he complains. The plaintiff received severe burns to his right hand and right buttocks.
 
 
 3
 It is claimed on behalf of the plaintiff that the water in the bathtub was excessively hot, of a temperature in excess of what is regarded as safe for such use and that the defendant violated its duty to maintain its premises in a reasonably safe condition for plaintiff, as an invitee. The severity of plaintiff's injury is not in question. It was admitted for the purpose of the motion for a directed verdict that if the defendant supplied water in excess of 150~ F.[1] to plaintiff's room for bath purposes it would have been in excess of that customarily permitted and regarded as safe.
 
 
 4
 The district judge in granting the motion for judgment of no cause of action held that the plaintiff had failed to offer evidence that the temperature of the water was in excess of 150~ F. or that the defendant had violated its duty toward plaintiff to maintain its premises in a reasonably safe condition.
 
 
 5
 In considering a motion for a directed verdict the judge must consider all of the testimony in the light most favorable to the plaintiff. Lones v. Detroit, T. & I. R. Co., 398 F.2d 914 (C.A. 6) cert. den. 393 U.S. 1063, 89 S.Ct. 714, 21 L.Ed.2d 705; Serratoni v. Chesapeake and Ohio Ry. Co., 333 F.2d 621, 626 (C.A.6) cert. den. 379 U.S. 960, 85 S.Ct. 648, 13 L.Ed.2d 555; Kravat v. Indemnity Insurance Company of North America, 152 F.2d 336 (C.A. 6); Hinton v. Dixie Ohio Exp. Co., 188 F.2d 121, 124 (C.A. 6).
 
 
 6
 Obviously, there is no evidence available of the exact temperature of the water at the time the plaintiff fell into the tub and received his injuries. Mechanically, there was a separate boiler to furnish hot water to the rooms of the motel. The gauge on it was set at 180~ F. There is a Holby Mixing Valve which mixes the hot water as it comes from the boiler with cold water to a proper temperature for the rooms. There is a gauge or thermometer on this Mixing Valve to regulate the temperature of the water that goes to the rooms. There is no evidence of the temperature at which that gauge or thermometer was set. There was also a limit switch which was supposed to cut off when the water got up to a certain temperature. There is no evidence of the temperature setting of it or whether it was functioning.
 
 
 7
 Dr. Joseph D. Carlysle, a plastic surgeon who treated the plaintiff, testified that the nature of plaintiff's burns were such as might be received in water of 180~ F. in thirty seconds. He did not testify whether such burns could be received in water of a temperature of 150~ F. or less or how long it would take to get such burns as the plaintiff had in water of 150~ F. or less.
 
 
 8
 The plaintiff testified that he turned on the hot water and sat on the side of the tub. When he reached over to test the water with his hand, he slipped and fell into the tub. He caught himself on his right hand and right hip and as he went down he bumped his head on something which caused a bump on his head as reported by the hospital. To extricate himself he reached for the basin, which was right by the tub, with his left hand and pushed himself out with his hand and hip. In the process he knocked a glass off of the basin which broke on the side of the tub and caused some cuts on the left hip and left buttocks.
 
 
 9
 He testified further that he was in a daze and didn't know exactly how long he was in the water. He said he got up as fast as he could and estimated that he was in the water seven, eight or ten seconds.
 
 
 10
 Dr. Carlysle testified,
 
 
 11
 "The infliction of a burn depends on the temperature of the agent, the duration that the patient is in contact with the agent, and also the area of the skin involved, and even the age of the patient."
 
 
 12
 ******
 
 
 13
 * * *
 
 
 14
 "To have these burns inflicted, the water would, in my opinion, would have to be excessively hot-as I said before, in excess of 150, and even approaching ranges of 180 and above."
 
 
 15
 On cross examination he testified that at 135~ F. one might receive burns comparable to the ones the plaintiff had in five minutes.
 
 
 16
 Thus, a crucial fact in the case is the length of time the plaintiff was in the water. We consider that the jury is entitled to draw inferences from the physical facts as well as the oral evidence. We conclude from the fact that only the plaintiff's right hand and right buttocks were burned the jury might well infer that no other part of his body was in the water and that he could not have remained in that position over a few seconds which would indicate that the water was excessively hot.
 
 
 17
 Counsel for the defendant argues that the plaintiff was guilty of contributory negligence as a matter of law. The district judge did not decide this question. We consider, however, that it is a question for the jury to decide under all of the facts of the case.
 
 
 18
 Judgment reversed and the case is remanded to the District Court for trial to a jury.
 
 
 
 [1]
 It was undisputed that a safe temperature of water for rooms in a motel or hotel was 140~ F., plus or minus five or ten degrees